UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| SANDRA L. SHEILS, | Case No. 1:25-cv-11210 |
| *Plaintiff,* | Thomas L. Ludington<br>United States District Judge |
| v. | Patricia T. Morris |
| ULTIUM CELLS, LLC, | United States Magistrate Judge |
| *Defendant.* | |

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR AFFIRMATION OF CLAIMS
AND TO STRIKE AFFIRMATIVE DEFENSES (ECF No. 8)**[1]

**I. RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that the Court **DENY** Plaintiff's motion for affirmation of her claims and to strike Defendant's affirmative defenses (ECF No. 8). The Undersigned will separately enter a scheduling order so that this case can progress while the instant Report and Recommendation is pending before the Court.

---

[1] "A motion to strike an affirmative defense is generally considered to be a dispositive motion and thus, the undersigned has prepared a report and recommendation, rather than an order." *Jeeper's of Auburn, Inc. v. KWJB Enters., L.L.C.*, No. 10–13682, 2011 WL 1899195, at *1 n.1 (E.D. Mich. Mar. 16, 2011) (collecting cases), *report and recommendation adopted*, 2011 WL 1899531 (E.D. Mich. May 19, 2011).

## II. **REPORT**

### A. Introduction

This is an employment discrimination case brought under federal and state statutes. (ECF No. 1, PageID.4). In broad terms, Plaintiff alleges that she was constructively discharged after Defendant refused to accommodate her disabilities. (*Id.* at PageID.5).

Plaintiff has filed a motion asking the Court to provide affirmation of her claims and strike Defendant's affirmative defenses. (ECF No. 8). The motion is fully briefed (ECF Nos. 10, 11) and ready for determination.

After being served, Defendant properly filed an answer along with the following affirmative defenses:

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Each employment action taken by [Defendant] with respect to Plaintiff was justifiable, was for good and just cause, was within the legitimate exercise of management discretion and business necessity, was for legitimate non-discriminatory and non-retaliatory business reasons, and was not willful, wanton, malicious, or done in a reckless or knowing manner.

3. Without admitting that Plaintiff suffered any damages, the Complaint must be

dismissed to the extent it seeks damages that Plaintiff failed to mitigate or otherwise caused. Also, any claim for economic damages must be reduced by the amount of employment income earned, or which with reasonable diligence could have been earned by Plaintiff, or for any period which Plaintiff could not have earned employment income.

4. Plaintiff's alleged damages must be reduced, in whole or in part, to the extent [Defendant] discovers after-acquired evidence of wrongdoing by Plaintiff for which she would have been terminated.

5. Plaintiff's claims must be dismissed to the extent barred by the applicable statute of limitations.

6. Plaintiff is barred for failure to exhaust administrative remedies as to any claim premised on alleged conduct that was not specifically detailed in her Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission.

7. The Complaint must be dismissed to the extent that Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, or laches.

8. Plaintiff's claim for compensatory and punitive or exemplary damages, including damages for emotional distress, must be dismissed, in whole or in part, because Plaintiff has failed to plead facts or law sufficient to support the availability of such damages. [Defendant] denies that it has engaged in any

conduct that would entitle Plaintiff to recover punitive or exemplary damages.

9. Any other defenses notwithstanding, there is no causal connection between Plaintiff's alleged attempt to exercise rights under applicable law and any alleged employment action taken by [Defendant].

10. [Defendant] reserves the right to modify, amend, or supplement its defenses following further discovery in this matter.

(ECF No. 6, PageID.35–37).

### B. Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Jeeper's of Auburn, Inc. v. KWJB Enters., L.L.C.*, No. 10–13682, 2011 WL 1899195, at *1 (E.D. Mich. Mar. 16, 2011) (explaining that "such motions are generally regarded with disfavor because of the limited importance on pleading in federal practice, and because they are often used as a delaying tactic" (internal quotation marks and citations omitted)), *report and recommendation adopted*, 2011 WL 1899531 (E.D. Mich. May 19, 2011). "The function of the motion is to avoid the expenditure of time and money that must arise

from litigating spurious issues by dispensing with them early in the case." *G & W Constr. Co.*, 783 F.3d at 569 (internal quotation marks and citation omitted). Ultimately, "the decision whether to strike an affirmative defense is wholly discretionary." *Jeeper's of Auburn, Inc.*, 2011 WL 1899195, at *2; *see also Conocophillips Co. v. Shaffer*, No. 3:05 CV 7131, 2005 WL 2280393, at *2 (N.D. Ohio 2005) ("Rule 12(f) permits the Court to act with discretion in that it may strike irrelevant and superfluous defenses or let them stand. There is absolutely no harm in letting them remain in the pleadings if, as the Plaintiff contends, they are inapplicable.").

A motion to strike is "properly granted when plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017) (internal quotation marks and citations omitted); *see also Hahn v. Best Recovery Servs., LLC*, No. 10–12370, 2010 WL 4483375, at *2 (E.D. Mich. Nov. 1, 2010) ("A motion to strike an affirmative defense under Rule 12(f) is proper if the defense is insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances." (internal quotation marks and citations omitted)). "The motion also is proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Id.* (internal quotation marks and citations omitted). That said, "a motion to strike is not intended to furnish an opportunity for

5

the determination of disputed and substantial questions of law." *Mockeridge v. Alcona Cnty. by Bd. of Comm'rs*, 599 F. Supp. 3d 561, 569 (E.D. Mich. 2022) (internal quotation marks and citation omitted); *Hahn*, at *2 (noting that "a Rule 12(f) motion should not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits" (internal quotation marks and citation omitted)).

Under Federal Rule of Civil Procedure 8(b), a party is required to "state in short and plain terms its defenses to each claim asserted against it[.]" Fed. R. Civ. P. 8(b)(1)(A). "The purpose of [the rule] is to give the opposing party notice of the affirmative defense and a chance to respond." *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). Moreover, "[a]lthough [d]efendants bear the burden of proving [their] affirmative defenses," they do not need to "describe facts supporting those affirmative defenses" when pleading them. *Pough v. DeWine*, No. 2:21-cv-00880, 2023 WL 1812641, at *1 (S.D. Ohio Feb. 8, 2023).

C. **Analysis**

Here, Defendant has met the requirements of Rule 8(b). The affirmative defenses are stated in short and plain terms and in a way that gives Plaintiff notice of what defenses are involved in this litigation. Nothing additional is required.

The bulk of Plaintiff's motion is devoted to arguing the merits of the affirmative defenses and the validity of her claims. Neither is not the proper purpose

6

of a motion to strike affirmative defenses. The merits of Plaintiff's claims are not currently at issue. If and when Defendant files a dispositive motion (*e.g.*, a motion for judgment on the pleadings or a motion for summary judgment) the Court will consider Plaintiff's arguments regarding the merits of her claims. Given that there is no pending dispositive motion, the Undersigned declines to comment on the underlying merits of Plaintiff's claims or advise whether she should file an amended complaint to make additional factual allegations.

In sum, because "[D]efendant bears the burden of proving its affirmative defenses[,]" the Undersigned finds "there is no prejudice to [P]laintiff in allowing these defenses to stand." *Jeeper's of Auburn, Inc.*, 2011 WL 1899195, at *3. Thus, Plaintiff's motion should be denied.

### D. Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **DENY** Plaintiff's motion for affirmation of her claims and to strike Defendant's affirmative defenses (ECF No. 8). A scheduling order will be separately entered.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days

after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 13, 2025         s/PATRICIA T. MORRIS
                               Patricia T. Morris
                               United States Magistrate Judge

8